IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                         Criminal Action No. 1:17-CR-51
                                                (KEELEY)

JAMES L. LAURITA, JR.,

    Defendant.

### UNITED STATES' PROPOSED LIMITING INSTRUCTION

Now comes the United States of America, by William J. Powell, United States Attorney for the Northern District of West Virginia, by Jarod J. Douglas and Randolph J. Bernard, Assistant United States Attorneys for said District, and hereby proposes the following limiting instruction regarding Rule 404(b) evidence.

                                                Respectfully submitted,

                                                WILLIAM J. POWELL
                                                UNITED STATES ATTORNEY

By:    /s/ Jarod J. Douglas
          Jarod J. Douglas
          Assistant United States Attorney

And
          /s/ Randolph J. Bernard
          Randolph J. Bernard
          Assistant United States Attorney

1

## GOVERNMENT'S PROPOSED LIMITING INSTRUCTION NO. 1

### RULE 404(b) EVIDENCE OF OTHER BAD ACTS

You are about to hear [have just heard] evidence that the defendant also solicited employees, and caused the advancement of Mepco, LLC funds to employees, for the making of contributions to candidates for state office, which may be similar to acts charged in the Indictment. You may not consider this evidence in deciding if the defendant committed the acts charged in the Indictment. However, you may consider this evidence for other, very limited purposes, such as: to prove the defendant had a motive or the opportunity to commit the crimes charged in the Indictment; to prove the defendant had the state of mind or intent necessary to commit the crimes charged in the Indictment; to prove the defendant acted according to a plan or in preparation to commit the crimes charged in the Indictment; to prove the defendant knew what he was doing when he committed the crimes charged in the Indictment; to prove the defendant's identity; and to prove that the defendant did not commit the crimes charged in the indictment by accident or mistake.

Do not conclude from this evidence that the defendant has bad character in general or that because the defendant may have committed other similar acts that it is more likely that he committed the crimes with which he is currently charged.

Authorities:

Ruschky, *Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina* § VII.

United States v. Queen, 132 F.3d 991, 997 (4th Cir. 1997) (setting forth when 404(b) evidence is admissible).

United States v. Mohr, 318 F.3d 613, 617-622 (4th Cir. 2003) (analyzing when 404(b) evidence is admissible).

## **CERTIFICATE OF SERVICE**

I, Jarod J. Douglas, Assistant United States Attorney for the Northern District of West Virginia, hereby certify that on the 12th day of January 2018, the foregoing UNITED STATES' PROPOSED LIMITING INSTRUCTION was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

John A. Carr, Esq.
John A. Carr, Attorney at Law, PLLC
179 Summers Street, Suite 209
Charleston, WV 25301
*Counsel for Defendant*

By: /s/ Jarod J. Douglas
Jarod J. Douglas
Assistant United States Attorney