# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# CLARKSBURG

**UNITED STATES OF AMERICA,**

      Plaintiff,

**v.**                              **Criminal Action No. 1:17-CR-51**
                                        **(KEELEY)**

**JAMES L. LAURITA, JR.,**

      Defendant.

## UNITED STATES' *AMENDED* PROPOSED JURY INSTRUCTIONS NUMBERS 3 AND 12

Now comes the United States of America, by William J. Powell, United States Attorney for the Northern District of West Virginia, by Jarod J. Douglas and Randolph J. Bernard, Assistant United States Attorneys for said District, and hereby proposes the following amended jury instructions.

                                    Respectfully submitted,

                                    WILLIAM J. POWELL
                                    UNITED STATES ATTORNEY

By:   /s/ Jarod J. Douglas
           Jarod J. Douglas
           Assistant United States Attorney

And
           /s/ Randolph J. Bernard
           Randolph J. Bernard
           Assistant United States Attorney

**GOVERNMENT'S *AMENDED* PROPOSED INSTRUCTION NO. 3**

**Scheme to Cause False Statements to Federal Election Commission**
**Count One**
**Elements of the Offense**

For you to find the defendant guilty of Count One of the Indictment, you must find that the Government has proven, beyond a reasonable doubt, that:

First:   The defendant falsified, concealed, or covered up a fact by trick, scheme, or device, or caused another person to do so, in a matter within the jurisdiction of the Federal Election Commission;

Second:   The fact was material to the activities or decisions of the Federal Election Commission; and

Third:   The defendant acted knowingly and willfully.

To establish the first element, the Government must prove beyond a reasonable doubt that a fact was falsified, concealed, or covered up by trick, scheme, or device, in a matter within the jurisdiction of the Federal Election Commission.

To establish the second element, the Government must prove beyond a reasonable doubt that the fact falsified, concealed, or covered up was material to the Federal Election Commission – in other words, that the fact had a natural tendency to influence, or was capable of influencing, the agency's decisions or activities.  The fact falsified, concealed, or covered up need not have actually influenced the agency, and the agency need not rely on the information in fact for it to be material.

To establish the third element, the Government must prove beyond a reasonable doubt that the defendant acted knowingly and willfully.  An act is done "knowingly" if the defendant is aware of the act and does not act through ignorance, mistake, or accident.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.  An act is done "willfully" if the defendant acted with knowledge that some part of his course of conduct was unlawful and with the intent to do something the law forbids, and again not by mistake or accident.  In other words, a person acts "willfully" when he acts with a bad purpose to disobey or disregard the law.

To establish the third element, the Government does not have to prove that the defendant was aware of the statutory requirements and prohibitions of the Federal Election Campaign Act, or that he purposefully violated the Act.  In other words, to satisfy the third element of Count One, the Government does not have to prove that the defendant was aware that federal law prohibited conduit campaign contributions or that he purposely violated this prohibition.

Authorities:

18 U.S.C. §§ 1001(a)(1) and 2.

Bryan v. United States, 524 U.S. 184, 191, 194 (1988); United States v. Starnes, 583 F.3d 196, 210 (3d Cir. 2009); United States v. Bakhtiari, 913 F.2d 1053, 1060 n. 1 (2d Cir. 1990); United States v. Whab, 355 F.3d 155, 160 (2d Cir. 2004).

# GOVERNMENT'S *AMENDED* PROPOSED INSTRUCTION NO. 12

### Causing False Statement to Federal Election Commission
### Count Six, Count Seven, and Count Eight
### Elements of the Offense

For you to find the defendant guilty of Counts Six, Seven, and Eight of the Indictment, the Government must prove the following elements beyond a reasonable doubt:

First: The defendant made or caused another person to make a false statement in a matter within the jurisdiction of the Federal Election Commission;

Second: The statement was material to the activities or decision of the Federal Election Commission; and

Third: The defendant acted knowingly and willfully.

To establish the first element, the Government must prove beyond a reasonable doubt that a false statement was made in a matter within the jurisdiction of the Federal Election Commission.

To establish the second element, the Government must prove beyond a reasonable doubt that the false statement was material to the Federal Election Commission – in other words, that the statement had a natural tendency to influence, or was capable of influencing, the agency's decisions or activities. The false statement need not have actually influenced the agency, and the agency need not rely on the information in fact for it to be material.

To establish the third element, the Government must prove beyond a reasonable doubt that the defendant acted knowingly and willfully. An act is done "knowingly" if the defendant is aware of the act and does not act through ignorance, mistake, or accident. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly. An act is done "willfully" if the defendant acted with knowledge that some part of his course of conduct was unlawful and with the intent to do something the law forbids, and again not by mistake or accident. In other words, a person acts "willfully" when he acts with a bad purpose to disobey or disregard the law.

To establish the third element, the Government does not have to prove that the defendant was aware of the statutory requirements and prohibitions of the Federal Election Campaign Act, or that he purposefully violated the Act. In other words, to satisfy the third element of Count Six, Seven, and Eight, the Government does not have to prove that the defendant was aware that federal law prohibited conduit campaign contributions or that he purposely violated this prohibition.

Authorities:

18 U.S.C. §§ 1001(a)(2) and 2.

Bryan v. United States, 524 U.S. 184, 191, 194 (1988); United States v. Starnes, 583 F.3d 196, 210 (3d Cir. 2009); United States v. Bakhtiari, 913 F.2d 1053, 1060 n. 1 (2d Cir. 1990); United States v. Whab, 355 F.3d 155, 160 (2d Cir. 2004).

## CERTIFICATE OF SERVICE

     I, Jarod J. Douglas, Assistant United States Attorney for the Northern District of West Virginia, hereby certify that on the 17th day of January 2018, the foregoing UNITED STATES' *AMENDED* PROPOSED JURY INSTRUCTIONS NUMBERS 3 AND 12 was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

John A. Carr, Esq.
John A. Carr, Attorney at Law, PLLC
179 Summers Street, Suite 209
Charleston, WV 25301
*Counsel for Defendant*

                                              By:  /s/ Jarod J. Douglas
                                                    Jarod J. Douglas
                                                    Assistant United States Attorney