```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

**v.**                                          **CRIMINAL NO. 1:17CR51**

**JAMES L. LAURITA, JR.,**

      **Defendant**

### ORDER DECLARING MISTRIAL DUE TO JURY DEADLOCK

From January 29 through February 2, 2018, the Court conducted a jury trial in this case regarding the allegations in the seven-count Indictment against the defendant, James L. Laurita, Jr. The jury began its deliberations on Thursday, February 1, 2018.

On Friday, February 2, 2018, the jury sent a note advising that it was unable to reach a unanimous verdict. The Court consulted with the parties regarding the note and the need to provide supplemental instructions to the jury. It then assembled the jury in the courtroom and instructed them further regarding their duty to continue deliberations in an effort to reach a unanimous verdict.

The jury returned to the jury room, and following further deliberations, sent another note to the Court advising that, despite its best efforts to do so, it remained unable to reach a unanimous verdict.

After the Court consulted with the parties, it again assembled the jury in the courtroom. Upon inquiry by the Court, the

**USA v. LAURITA**                                                          **1:17CR51**

## ORDER DECLARING MISTRIAL DUE TO JURY DEADLOCK

foreperson announced that the jury could not agree on a verdict as to any count in the Indictment and was deadlocked. The foreperson further advised that there was no possibility that further deliberations would enable the jury to reach unanimity on any count. The Court proceeded to poll the jurors individually to determine if each agreed that the jury was deadlocked on all counts of the Indictment and that further deliberations would be futile. Each juror so agreed.

**WHEREUPON**, the Court observed that the jury appeared to be hopelessly deadlocked and unable to come to a unanimous decision on any count in the Indictment. Pursuant to Fed. R. Crim. P. 26.3, it gave the defendant and the government an opportunity to comment on the propriety of an order declaring a mistrial, to state whether that party consents or objects, and to suggest alternatives.

After hearing from the parties, the Court determined that further deliberations would not change any juror's mind and that no alternative to a mistrial existed. Over the objection of the government, the Court **GRANTED** the defendant's motion for a mistrial. Pursuant to Fed. R. Crim. P. 31(b)(3), it **DECLARED** a **MISTRIAL** on all counts of the Indictment and dismissed the jury.

**USA v. LAURITA** 1:17CR51

### ORDER DECLARING MISTRIAL DUE TO JURY DEADLOCK

The government may retry the defendant on all counts of the indictment should it wish to do so. A new trial date must be scheduled within seventy (70) days of the mistrial.

It is so **ORDERED**.

The Court directs the Clerk to transmit copies of this Order to counsel of record and all appropriate agencies.

Dated: February 6, 2018

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE